# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: R.S.**

**No. 15-0017** (Mercer County 14-JA-56)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Grandfather B.S., by counsel Thomas L. Fuda, appeals the Circuit Court of Mercer County's November 6, 2014, order terminating his custodial rights to R.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his custodial rights to R.S.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that R.S. was an abused child. At the time the DHHR filed the petition, R.S. resided with petitioner who is R.S.'s grandfather. According to the petition, petitioner threw a television remote control at the child that struck him in the face and caused a black eye. The petition also alleged that petitioner's adult daughter, J.F., informed Child Protective Services ("CPS") that she witnessed petitioner hit R.S. and throw things at the child. J.F. also alleged that petitioner physically and sexually abused her as a child. According to the petition, petitioner's adult step-daughter K.P. also alleged he physically and sexually abused her as a child. The petition also addressed concerns regarding petitioner's past history with the Division of Child Protection in the State of New Jersey, which included a six-week-old infant's removal due to petitioner's physical abuse and a prior termination of his parental rights to another child.

---

[1]In the circuit court, this abuse and neglect proceeding concerned additional children that are not petitioner's biological children and of whom he did not exercise custodial rights. As such, this memorandum decisions concerns only the termination of petitioner's custodial rights to R.S.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In May of 2014, petitioner underwent a psychological evaluation, after which the psychologist did not recommend returning R.S. to petitioner's care. The psychologist further did not recommend visitation until after petitioner submitted to a certified sex offender evaluation and received services. In August of 2014, the circuit court held an adjudicatory hearing, during which both J.F. and K.P. testified. The circuit court continued the hearing until September 17, 2014, at which time the psychological evaluation report was admitted into evidence. The circuit court specifically found that petitioner previously subjected both J.F. and K.P. to sexual abuse while in his care, and that petitioner abused R.S. because of his prior sexual abuse of children in the home. In October of 2014, the circuit court held a dispositional hearing, and ultimately terminated petitioner's custodial rights to R.S. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's custodial rights to R.S. On appeal, petitioner alleges only that the circuit court erred in basing termination upon his prior sexual abuse of his now-adult children, J.F. and K.P., because of this abuse's remoteness and because there were no allegations of sexual abuse of R.S. Importantly, petitioner does not allege that the circuit court erred in finding that he sexually abused his daughters and does not refute these allegations in his petition for appeal.

Simply put, it is clear that petitioner is not a fit caretaker for R.S. The circuit court heard extensive testimony from petitioner's adult daughters who both stated that they underwent years of sexual abuse by petitioner. One daughter alleged that petitioner touched her inappropriately and eventually began rubbing his genitals on her breasts or buttocks until he achieved orgasm. The other daughter alleged that petitioner forced her to perform oral sex on him. As noted above, the circuit court specifically found that petitioner sexually abused these children while they were in his custody, and petitioner has not alleged this finding was in error. As such, it is clear that this situation constitutes aggravated circumstances.

Pursuant to West Virginia Code § 49-6-5(a)(7)(A), the DHHR is not required to offer rehabilitative efforts when "[t]he parent has subjected the child, another child of the parent or any other child residing in the same household or under the temporary or permanent custody of the parent to aggravated circumstances which include, but are not limited to, . . . sexual abuse[.]" Clear from this statute is the fact that sexual abuse against a child is among the most egregious forms of abuse, such that the DHHR is not required to attempt to reunify the family in these instances. Further, because sexual abuse is so detrimental to children, the statute is clear that the DHHR is not required to offer services to reunify a parent with a child when the parent has sexually abused another child. As such, the Court does not find petitioner's argument on this issue compelling, especially in light of the fact that, on appeal, he does not dispute the findings that he sexually abused two older children.

Based upon the findings regarding petitioner's prior sexual abuse of two older children, the circuit court specifically found that petitioner could not substantially correct the conditions of abuse in the near future and that terminating petitioner's custodial rights was necessary for R.S.'s welfare. These findings are supported by substantial evidence, including the detailed testimony of petitioner's adult daughters who were also the victims of his prior sexual abuse. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate custodial rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its November 6, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II